IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

JOHNNY S., a minor child, by and through his parents
And next friends DARLENE R. AND JUAN S.,

      Plaintiff,

vs.                                                                  No. CV-13-00027 WPL/KBM

POJOAQUE VALLEY SCHOOL DISTRICT and
THE BOARD OF EDUCATION FOR THE
POJOAQUE VALLEY SCHOOL DISTRICT, and
ADAN DELGADO in his official capacity as superintendent
of Pojoaque Valley School District, and
HOYT MUTZ, DIANA QUINTANA, and
NORMA CAVAZOS, in their individual capacities.

      Defendants.

## PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT ON CLAIMS ARISING FROM EVENTS ON SEPTEMBER 9, 2010, FOR SPOLIATION OF EVIDENCE

Comes Now Plaintiff, by and through undersigned counsel, and moves for default judgment on his First Cause of Action for negligence, arising from an accident occurring in the parking lot of his school on September 9, 2010, as further alleged in Document No. 1-3, beginning at ¶ 71. Plaintiff bases this Motion on Defendants' spoliation of critical evidence. Defendants do not consent to this motion.

As grounds for his Motion, Plaintiff states as follows.

### I. STATEMENT OF UNDISPUTED MATERIAL FACTS

1. Plaintiff's Complaint addresses two accidents involving Johnny S., occurring on September 9, 2010 and October 24, 2011. *See* Doc. No. 1-3, ¶¶ 11 to 70.

2. At the time of the September 9, 2010 accident, Plaintiff Johnny S. was supervised by

Timothy Trujillo, an employee of Defendant Pojoaque School District. *See* Defendant Board of Education's Answers to Plaintiff's Second Set of Interrogatories, Etc., at Answer to Interrogatory No. 24, attached hereto as **Exhibit A.**

3. There was a video recording from the camera near the front entrance of Johnny S.'s school, where Johnny S. was injured on September 9, 2010. The video surveillance was destroyed, allegedly "on a four-month cycle to conserve storage space." *See* Defendant Board of Education's Answers to Plaintiff's Second Set of Interrogatories, Etc., at Answer to Interrogatory No. 21, attached hereto as **Exhibit A.**

4. There is substantial factual dispute between the parties concerning how the injury to Johnny S. occurred. *Compare, e.g.,* Defendant Board of Education's Answers to Plaintiff's Second Set of Interrogatories, Etc., at Answer to Interrogatory No. 24, attached hereto as **Exhibit A** *with* Plaintiff's Complaint, Doc. No. 1-3, ¶¶ 17-23; *see also* Deposition of Timothy Trujillo, p 35, line 2 to page 39, line 11 *and* Statement of Timothy Trujillo, Deposition Exhibit 3 to Trujillo Deposition, all attached hereto as **Exhibit C.** Defendants' version of events is that Johnny S. ran and tripped over a curb, whereas Timothy Trujillo's recollection is that he, Trujillo, failed to observe Johnny S. having a seizure and that therefore Johnny S. fell face down on the pavement duing his seizure. *Id.* There is even a factual dispute whether Johnny S.'s teacher, Frank Diaz was at the school that day. *Compare* **Exhibit A** at answer to Interrogatory No. 24 *with* **Exhibit C.**

5. When Plaintiff Johnny S. was injured on September 9, 2010, the school provided an same-day accident report to the New Mexico Public Schools Insurance Authority ("NMPSIA") through Cannon Cochran Management Services, Inc. ("CCMSI"), the

claims administrator that provides insurance to the public schools. *See* Report by D. Quintana to New Mexico Public Schools Insurance Authority, dated September 9, 2010, attached hereto as **Exhibit B**. The report is labeled "confidential, this report is not to be released to parent and/or students." *Id.*

6. Defendants assert that materials generated by either NMPSIA or CCMSI in investigating the September 9, 2010 accident are "prepared *in anticipation of litigation.*" *See* Defendant Board of Education's Answers to Plaintiff's Second Set of Interrogatories, Etc., at Answer to Interrogatory No. 14, attached hereto as **Exhibit A** (emphasis added).

7. Defendants sought and obtained reports from several employees concerning the events in the parking lot on September 9, 2010. *See* Defendant Board of Education's Answers to Plaintiff's Second Set of Interrogatories, Etc., at Answer to Interrogatory No. 24, attached hereto as **Exhibit A**, listing statements by Timothy Trujillo, "substitute teacher's statement," and "Quintana statement." The events were also the subject of internal correspondence among District employees. Memo dated October 5, 2010 from Teresa Maestas to Adan Delgado, attached hereto as **Exhibit D**. Johnny S.'s safety at school was the subject of an individual educational plan meeting. *See* Doc. No. 1-3 at ¶ 22 (describing IEP meeting) *and* Doc. No. 9, ¶ 22 (admitting allegations in paragraph 22 of Complaint).

### III. ARGUMENT

On September 9, 2010, Plaintiff Johnny S. was taken by ambulance to the hospital, after a bad fall at school. Johnny S. spent almost one month recovering from his injuries, and was scheduled to return to school on October 4, 2010. Defendants had actual notice of the accident in

the parking lot, and requested accident reports from several school personnel. The accident was the subject of a report to the District's insurance carrier. The accident was the subject of internal school correspondence and an individual educational plan meeting to discuss Johnny S.'s safety upon his return.

Despite its recognition of the seriousness of the fall, its report to its insurance carrier of the accident and of witnesses to the accident, and its internal discussion of the safety issues involved, the District destroyed the video surveillance of the accident. Now, with the passage of time and the confusion of the moment, there is substantial factual dispute concerning these events. Notably, Defendants' *current* version of events, that Johnny S. "tripped over a curb and fell," contradicts the contemporaneous report of Johnny S.'s educational aide, Timothy Trujillo. Mr. Trujillo was tasked that day with providing 1:1 supervision, and his contemporaneous report was that Johnny S. fell when Mr. Trujillo failed to watch him and therefore failed to catch him. *See* **Exhibit C** attached hereto. Defendants' current version of events – that Johnny S. merely tripped over a curb – also contradicts the actions taken by District personnel after the accident, including expressions of concern by Teresa Maestas, Johnny S.'s case manager, to the effect that Johnny fell due to the lack of an adequate safety plan, *see* **Exhibit D,** attached hereto, and an IEP meeting to attempt to address safety concerns prior to Johnny S.'s return to school. *See* Statement of Undisputed Material Fact No. 7.

Plaintiff requests the remedy of default judgment for spoliation of evidence, or in the alternative that the jury be instructed that the destruction of evidence in this case warrants an inference that the videotape surveillance would support that Plaintiff Johnny S. fell on September 9, 2010 due to poor supervision by Mr. Trujillo, rather than because he tripped over a curb as

Defendants now contend.

This Court has the discretion to order either remedy, as either a discovery sanction or as a remedy for spoliation *per se*. See *103 Investors I, L.P. v. Square D Company*, 470 F.3d 985 (10th Cir. 2006). Here, there is a reasonable inference that Defendants acted with bad faith in destroying the video surveillance of Johnny S.'s fall, after the fall had been the subject of substantial internal correspondence, an individual educational plan meeting, and a report to the District's liability insurer. Thus default judgment may lie as a discovery sanction. *Id.; see also Jordan f. Miller Corporation v. Mid-Continent Aircraft Service, Inc.*, 139 F.3d 912 (10th Cir. 1998).

Regardless, however, a party is "not required to show that [an opponent] acted in bad faith in destroying the evidence in order to prevail on its request for spoliation sanctions." *Id.* at 989. Instead, "[a] spoliation sanction is [also] proper where (1) a party has a duty to preserve evidence because it knew, or should have known, that litigation was imminent, and (2) the adverse party was prejudiced by the destruction of the evidence." *Burlington Northern and Santa Fe Railway Company v. Grant*, 505 F.3d 1013, 1032 (10th Cir. 2007).

Here, the District took steps to gather witness statements, send at least one witness statement to its liability insurer, and hold both internal meetings and an individual educational plan meeting to address what had occurred – certainly it should have known that litigation was a possibility. Moreover, there is no explanation possible for why the District did not review the video surveillance to determine how and why Johnny S.'s safety plan failed to keep him safe on September 9, 2010.

Plaintiff is clearly prejudiced by the destruction of the evidence. Timothy Trujillo's

5

contemporaneous report of what occurred on that day supports Plaintiff's allegation that the District was negligent; however, Mr. Trujillo's actual memory of events has faded over time. The District's current version of events is based in part on a confused and confusing report by Johnny S.'s father, who dos not speak English and appears to be remembering a different event involving Johnny's running towards Mr. Trujillo to obtain a toy truck. The likelihood is that the video surveillance would support and fill in Mr. Trujillo's version of what occurred. Plaintiff, however, has been denied the opportunity to see, much less rely on, the video surveillance from that day.

### IV. Conclusion

For these reasons, Plaintiff respectfully request that this Court enter default judgment on Count I of Plaintiff's Complaint, with regard to the accident occurring on September 9, 2010, or in the alternative for a jury instruction that the video surveillance would be adverse to Defendants' defense of this lawsuit.

Respectfully submitted,

THE LAW OFFICES OF NANCY L. SIMMONS, P.C.

By: *Electronically Submitted*
Nancy L. Simmons
120 Girard SE
Albuquerque, NM 87106
(505) 232-2575
Attorney for Plaintiff

I hereby certify that a true and correct copy of the foregoing has been e-mailed this 21st day of November, 2014, to all counsel of record:

*Electronically Submitted*
Nancy L. Simmons